IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| CROSS THE ROAD ELECTRONICS, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>DIGILENT, INC,<br><br>    Defendants. | Case No.   **6:19-cv-270**<br><br>JURY TRIAL REQUESTED |

# COMPLAINT

Plaintiff Cross The Road Electronics, LLC ("CTRE") brings this diversity and federal question action against Digilent, Inc.

## PARTIES

1.	Plaintiff CTRE hereby demands a jury trial pursuant to Fed. R. Civ. P. 38.

2.	CTRE is a limited liability company organized under the laws of Michigan, having its principal place of business in Macomb, MI. CTRE invents, creates, develops and brings to market a variety of robotic and control applications including both software products containing copyright protected source code and hardware products. As part of its software and hardware products, including robotic controllers and related software, CTRE grants purchasers and end users a limited license to use the computer software and copyright protected code on strict conditions and limitations. These limited license terms are standard to the computer coding industry. The code at issue in this case had an accompanying Phoenix Software License Agreement, and CTRE is the owner of all respective copyrights and copyright interests in respect

to computer software and code authored by CTRE's owners, employees or as contracted as a work made for hire.

3. Defendant Digilent, Inc. ("Defendant") is a limited liability company having its principal place of business in Austin, Texas. Defendant specifically identifies in its official Secretary of State filings in Washington State that its principal office is 11500 N. MOPAC Expressway, Austin, TX. Digilent is also a maker of robotic equipment and controllers and is a direct competitor of CTRE in some product lines.

4. No party to this action shares common citizenship, and complete diversity exists.

## JURISDICTION AND VENUE

5. This is a diversity action, and subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332. The amount in controversy exceeds $75,000. The federal claims referenced also establish subject matter jurisdiction in this Court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338, which provides original jurisdiction over any civil action arising under any Act of Congress relating to copyrights, mask works, designs, trademarks, and unfair competition. Such claims will ripen in the upcoming days or weeks and are reserved.

6. This Court has personal jurisdiction because Defendant operates a principal place of business in Austin, Texas; Defendant actively operates a substantial e-commerce website fully accessible to citizens of Texas, Defendant has actively sold and shipped a substantial volume of product to citizens and businesses in Texas; Defendant actively promotes its products in Austin, Texas at the Design Automation Conference (DAC) and has done so for several years; Defendant is identified as "A National Instruments Company" having a principal place of business in Austin, Texas.

7. Venue is proper in this district pursuant to 28 U.S.C. 1391(b) because a substantial part of the events giving rise to CTRE's claims occurred in this judicial district.

8. On issuance by the United States Copyright Office of a certificate of copyright registration (one or more) for computer source code relative to CTRE's software and hardware products referenced and the subject of this action, to the extent CTRE shall amend its complaint to include one or more claims for copyright infringement, jurisdiction of this Court shall also be invoked and proper under 28 U.S.C. §1331(federal question) and 28 U.S.C. §1338(a), as it shall be an action arising under the Federal Copyright Act of 1976, 17 U.S.C. §101 et seq.

## COUNT I – BREACH OF CONTRACT

9. CTRE authored original software code for use in connection with its product known as the Talon SRX. CTRE designed the smart speed control technology and provides electronics, communications protocols, and integrated PID control. The software code is eligible for and subject to copyright registration and protection on issuance of a U.S. Copyright Registration for the code. CTRE's authentic Talon SRX was the first smart speed control unit in the marketplace.



10. CTRE produces not only the authentic Talon SRX product but also authored the authentic software code bundle that facilitates use of the Talon SRX. The license agreement for all end users is set forth below:

```
/**
 * Phoenix Software License Agreement
 *
 * Copyright (C) Cross The Road Electronics.  All rights
 * reserved.
 *
 * Cross The Road Electronics (CTRE) licenses to you the right to
 * use, publish, and distribute copies of CRF (Cross The Road) firmware files (*.crf) and
 * Phoenix Software API Libraries ONLY when in use with CTR Electronics hardware products
 * as well as the FRC roboRIO when in use in FRC Competition.
 *
```

11. Digilent manufactures the DMC 60c digital motor controller, which is both a directly competitive product to CTRE's Talon SRX, but also appears in all respects to be an imitation and clone as well.



12. Both the foregoing CTRE and Digilent digital motor controllers have software, and CTRE obtained a commercially available new-in-the-box DMC 60c product from Digilent, including original packaging and available software for such device.

13. Forensic examination of Digilent's DMC60c product and the related software provided by Digilent makes clear Digilent is in breach of the CTRE license agreement. There are

4

many instances in Digilent's computer code file that demonstrate Digilent's actual copying of identical features, functions, code, exact filetypes, code lines, and many other aspects of the authentic copyrighted software code bundle owned by CTRE. To be clear, Digilent copied, imitated and stole CTRE's code and made wholesale use of such code when developing, selling, and commercializing a directly competitive product.

14.     Digilent copied large blocks of identical code, large blocks of identical values, and large amounts of code having identical file names, and identical file types. The copying is so blatantly obvious that CTRE's own branding still remains embedded within Digilent's computer software programming.

15.     Digilent has intentionally violated the contract license limitations and also intentionally infringed CTRE's copyright to this software. A very recent United States Supreme Court decision in *Fourth Estate Public Benefit Corp. v. Wall-Street.com, LLC*, only decided last month on March 4, 2019, now prohibits litigants from suing in a civil action until such time as the United States Copyright Office provides a registration certificate for such work. Formal registration of the copyright is now therefore a prerequisite for filing.

16.     CTRE is in the process of receiving word from the Copyright Office on the form of the copyright registration for the software for the Phoenix Software that was unscrupulously and illegally copied by Digilent and fully intends to amend the lawsuit to include claims against Digilent for copyright infringement and for all other relief to which it is entitled, including naming individual computer programmers who engage in such unscrupulous and illegal behavior.

17. CTRE therefore reserves the right to amend to identify federal question claims of copyright infringement and to seek damages and all other relief to which CTRE is entitled and will hold Digilent accountable for in relation to these unfair business practices.

WHEREFORE, during the pendency of the copyright registration process, Plaintiff nonetheless requests the following contractual relief which is available pursuant to the diversity jurisdiction and the substantial damages far in excess of $75,000:

a. all damages arising from the breach of contract;

b. prejudgment and post-judgment interest on the damages caused by the breach of contract;

c. a permanent injunction prohibiting the further use of any and all code unlawfully copied, stolen, used, and modified;

d. all damages caused by the breach of the license agreement in an amount to be determined at trial;

e. attorneys' fees and expenses; and,

f. all other relief to which Plaintiff may be entitled.

Dated: April 16, 2019.

/s/ Jared Hoggan
Mark Murphey Henry
(*Pro-Hac Vice* to be filed)
mhenry@roselawfirm.com
Texas Bar No. 24051836
ROSE LAW FIRM
P.O. Box 4800
Fayetteville, AR 72702
479-856-6017 (p)
(501) 375-1309 (f)

Eric Tautfest
etautfest@grayreed.com
Texas Bar No. 24028534
Jared Hoggan
jhoggan@grayreed.com
Texas Bar No. 24065435
Gray Reed & McGraw

               1601 Elm Street, Suite 4600
               Dallas, TX 75201
               214-954-4135 (p)
               469-320-6901 (f)

               *Attorneys for Plaintiff*